UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN LONG,

    Plaintiff,                             Case No. 2:16-cv-12605

v.                                       HONORABLE STEPHEN J. MURPHY, III

MITCH PERRY,

    Defendant.
                                         /

**OPINION AND ORDER DISMISSING COMPLAINT FOR
WRIT OF MANDAMUS** (document no. 1), **AND FINDING AS MOOT THE MOTION
FOR HEARING IN SUPPORT OF MANDAMUS** (document no. 2)

      Prisoner Steven Long, confined at the Newberry Correctional Facility in Newberry, Michigan, filed a complaint for a writ of mandamus pursuant to 28 U.S.C. § 1361, and the All Writs Act, 28 U.S.C. § 1651. Long has neither paid the appropriate filing fee, nor applied for pauper status. The Court will nevertheless consider and summarily dismiss his complaint.

      On May 11, 2006, Long entered a plea of nolo contendere to armed robbery, Mich. Comp. Laws § 750.529, and second-degree home invasion, Mich. Comp. Laws § 750.110(A)(3). *See Long v. Birkett*, No. 4:12-12083, 2013 WL 665070, at *1 (E.D. Mich. Feb. 25, 2013). He was subsequently sentenced to consecutive terms of 11 to 25 years and 4 to 15 years imprisonment, respectively. He later filed a federal petition for habeas relief under 28 U.S.C. § 2254, and Judge Gershwin Drain summarily dismissed the petition on February 25, 2013. *Id.*

      Here, Long names as a defendant just about every person who could have conceivably been involved in the relevant state and federal proceedings: Michigan District

Court Judge Kathleen McCann; Michigan Circuit Court Judge Daniel P. Ryan; Michigan Court of Appeals Judges Amy Krause, Peter O'Connell, and Donald Owens; Michigan Supreme Court Justices Robert Young, Jr., Michael Cavanagh, Marilyn Kelly, Stephen Markman, Diane Hathaway, Mary Beth Kelly, and Brian Zahra; U.S. District Court Judges Gershwin Drain and Denise Page Hood; U.S. Magistrate Judge Paul Komives; U.S. District Court Administrator David Weaver and Deputy Court Administrator Maureen Flavin; Wayne County Prosecutor Kym Worthy; and attorney Stephanie Ziegler. Pg ID 2, ECF No. 1.

Long contends that the state courts engaged in a pattern of conduct that exceeded the judicial power of the United States, in total absence of jurisdiction, *id.* at 3; the federal district court lacked subject matter jurisdiction to enforce the unlawful state court judgment, *id.* at 10; error, neglect, or evil purpose has caused his unlawful confinement, *id.*; and "[t]he State of Michigan and the judges and justices in the Federal Courts have committed themselves to an usurpation of power for the total, unlimited deprivation of all of the Petitioner's rights under the Constitution," *id.* at 11. As relief, Long seeks a declaratory ruling and injunctive relief against the current conviction and sentence, which would presumably result in his immediate release from prison. *Id.* at 15.

Long's complaint will be summarily dismissed for several reasons. First, his challenge to the fact or duration of his confinement pursuant to a state court judgment can only be brought as a petition for habeas corpus relief under 28 U.S.C. § 2254, not by way of a writ of mandamus. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). For the same reason, Long is not entitled to relief under the All Writs Act. *See Penn. Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985) ("Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.").

Second, the Court has "no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970). Thus, Long's claim against the state court employees, judges, and justices will be dismissed.

Third, Long's claims against Judges Drain, Hood, and Komives are barred by judicial immunity. Judicial immunity protects judges from injunctive relief and monetary damages, and is abrogated only when a judge is not acting in a judicial capacity, or acts in the absence of all jurisdiction. *Kipen v. Lawson,* 57 F. App'x 691 (6th Cir. 2003); *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). The disposition of habeas petitions is a judicial act. *See Kipen,* 57 F. App'x at 691–92; *see also Bradley v. United States,* 84 F. App'x 492, 493 (6th Cir. 2003) (holding that federal district judge and clerks were entitled to absolute judicial immunity from allegations regarding allegedly delayed disposition of a habeas petition).

And finally, Long falls well short of the standard required to state valid claims against Mr. Weaver and Ms. Flavin. He fails to allege any pertinent facts regarding their involvement with his state criminal proceedings or his subsequent federal habeas proceedings, and thus his claims lack an arguable basis in law or fact. Frivolous claims like these must be dismissed. *See* 28 U.S.C. § 1915A.

To the extent that Long again seeks to have his criminal conviction vacated or set aside, his appropriate federal remedy is to file a petition for writ of habeas corpus after requesting and receiving authorization from the Sixth Circuit for the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). The instant complaint for a writ of mandamus, however, is not the proper vehicle for that kind of relief.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the Complaint for Writ of Mandamus (document no. 1) is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Long's Motion for Hearing in Support of Mandamus (document no. 2) is **MOOT**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 15, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 15, 2016, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager